UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-245-MOC-WCM

| | |
|---|---|
| LAWRENCE E. GULLUM, | )<br>)<br>) |
| Plaintiff, pro se, | )<br>) |
| vs. | ) **ORDER** |
| | )<br>) |
| ENDEAVOR INFRASTRUCTURE HOLDINGS, LLC, et al., | )<br>)<br>)<br>) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Preliminary Injunctive, Motion for Restraining Order, and Request for Hearing. (Doc. No. 22). Because this Motion asks for relief which the Court cannot grant as part of a preliminary injunction such as a "garnishment order" and "summary judgment" and does not even attempt an analysis of how this request would satisfy the Winter test, the Motion is **DENIED**.

### I.  BACKGROUND

Plaintiff, proceeding pro se, initiated this action by filing his hand-delivered complaint on September 14, 2021. (Doc. No. 1). Plaintiff is a resident of Madison County, North Carolina, and the founder and former majority owner of MCC Development, Inc. (hereinafter "MCC Development"). Defendants are two individuals, Anthony Buffa and Dane James, who recently purchased Plaintiff's 90% stake in MCC Development through their jointly owned partnership EIH, also named as a Defendant. (Id. at 1–3). Defendant Buffa is an Indiana resident, Defendant

-1-

Case 1:21-cv-00245-MOC-WCM   Document 26   Filed 04/25/22   Page 1 of 8

James is an Illinois Resident, and EIH is a Delaware corporation. (Doc. No. 8 at 1; Doc. No. 9 at 1–2).

In his complaint, Plaintiff describes his business transaction with Defendants. (Id.). Specifically, Plaintiff asserts that he agreed to sell his 90% stake in the company to Defendants in December of 2017. (Id. at 1). He represents that these shares had an enterprise value of $1.2 million. (Id.). In consideration for these shares, Plaintiff received "payment at closing and Promissory Notes in the sum of $90,000 and $348,000." (Id.).

According to the complaint, Plaintiff subsequently discovered that Defendants had misled him as to numerous aspects of their financial position and, by extension, the likelihood of being able to satisfy their obligations under the promissory notes, for instance by "falsely claim[ing] to have $300,000 to invest" and "fail[ing] to disclose" debts discharged by Defendant Buffa in bankruptcy. (Id. at 2). Plaintiff argues that "these concealments and misrepresentations were reasonably calculated to deceive and induce Plaintiff to accept their personal guaranties and installment payments for the purchase of his stock." (Id.).

Plaintiff asserts that Defendants then breached the terms of the promissory note agreement, that the parties disputed the matter and arrived at a Settlement Agreement and Consent Agreement in Madison County, but that Defendants then violated this agreement as well. (Id.) Plaintiff now brings suit for damages under three separate causes of action: "Deceptive Trade Practices/Fraud in the Inducement," "Breach of Contract," and "Injunction and Garnishment." (Id. at 3–4).

Defendants responded with motions to dismiss this suit for lack of personal jurisdiction. (Doc. Nos. 5, 8). The Court held a hearing on these motions on December 16, 2021, and issued an order denying the motions on January 27, 2022. (Doc. No. 16). Plaintiff subsequently attempted

to amend his Complaint to, among other things, add MCC Development as a party. (Doc. No. 18). The U.S. magistrate judge denied this Motion without prejudice on March 3, 2022. (Doc. No. 23).

As the magistrate judge noted, adding MCC Development as a party would deprive this Court of subject matter jurisdiction. Federal courts are courts of limited subject matter jurisdiction, and generally can only hear cases that either arise out of federal law or (when not arising from federal law) in which diversity of citizenship exists between the parties and certain other requirements are satisfied. See 28 U.S.C. §§ 1331, 1332. Plaintiff's claims do not appear to arise from federal law. Because Plaintiff is a citizen of North Carolina and MCC Development is a North Carolina company, diversity of citizenship does not exist between Plaintiff and MCC Development. Therefore, a federal court lacks jurisdiction to hear this lawsuit if MCC is added as a party. See Strawbridge v. Curtiss, 7 U.S. 267 (1806). Adding MCC would violate the "rule of complete diversity" which the federal courts are generally required to apply in assessing the extent of their subject matter jurisdiction. State courts, on the other hand, including those in North Carolina, have general subject matter jurisdiction and could adjudicate a case between all of the parties proposed by Plaintiff including MCC Development.

Plaintiff's filed this Motion for Preliminary Injunctive relief along with a brief in support on February 17, 2022. (Doc. Nos. 22, 22-1). Defendants responded on March 3, 2022. (Doc. No. 24). Plaintiff filed a reply on March 9, 2022. (Doc. No. 25). The matter is ripe for disposition.

## II. LAW GOVERNING TROs AND PRELIMINARY INJUNCTIONS

Applications for issuance of a temporary restraining order ("TRO") and Preliminary Injunction are governed by FED. R. CIV. P. 65(b). However, "when the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not

-3-

differ functionally from that of an application for a preliminary injunction." Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed.).

In evaluating a request for a TRO, the court considers the same factors applied for a preliminary injunction. Pettis v. Law Office of Hutchens, Senter, Kellam & Pettit, No. 3:13-CV-00147-FDW, 2014 WL 526105, at *1 (W.D.N.C. Feb. 7, 2014) (citing Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411 (4th Cir. 1999)). In assessing such factors, a plaintiff must demonstrate that: (1) it is likely to succeed on the merits; (2) it will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in its favor; and (4) the injunction is in the public interest. League of Women Voters of N. Carolina v. N. Carolina, 769 F.3d 224, 236 (4th Cir. 2014), cert. denied, 135 S. Ct. 1735 (2015) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

Finally, where, as here, the plaintiff is proceeding pro se, the court must construe the complaint liberally. Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the same time, however, the Court should not "assume the role of advocate for the pro se plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

### III. DISCUSSION

Plaintiff's Motion does not specify what injunctive relief Plaintiff seeks but instead presents a generalized request for "injunctive relief, and for such other judicial relief and financial remedy that the Court deems just and proper without limitation." (Doc. No. 22 at 2). Plaintiff's brief in support of the Motion, however, specifies four remedies which Plaintiff asks the Court to grant in response to Plaintiff's motion: (1) to "[e]nter a Preliminary Injunction in accordance with

… NCGS 1-485 without notice or hearing restraining EIH and its officers … including Anthony Buffa and Dane James from distributing any money or dividend distributions …"; (2) to "[e]nter a Garnishment Order to enforce Plaintiff's rights to payment by ordering defendants to remit the sum $38,511.77 now due Plaintiff in accordance with the provision of the promissory notes an Defendant's [sic] explicit guaranties for payment"; (3) to "[e]nter Motion for Summary Judgement [sic] to enforce the 'call-in' provision of the promissory note executed on July 15, 2020; and enter an Order compelling Defendants to remit the entire principal balance of $107,666.53 … immediately due and payable to Plaintiff …"; and (4) "[g]rant further injunctive relief in the form of Recover Judgement [sic] in the sum of $200,000 in liquidated damages as remedy to Plaintiff pursuant to the shareholder agreement and the law." (Doc. No. 22-1 at 3). For the reasons that follow, the Court is unable to grant any of this relief at this time. The Court will discuss each issue in turn below.

Preliminary Injunction. Plaintiff asks the Court to "[e]nter a Preliminary Injunction in accordance with … NCGS 1-485 without notice or hearing restraining EIH and its officers … including Anthony Buffa and Dane James from distributing any money or dividend distributions …" (Id.). The Court will disregard Plaintiff's request for a "Preliminary Injunction … without notice" because Defendants have had notice and have had the opportunity to respond to Plaintiff's motion. The Court cannot grant this relief for the following reasons. First, N.C. GEN. STAT. § 1-485 is a North Carolina statute empowering North Carolina courts to grant injunctive relief which, by its terms, appears to only apply to North Carolina courts. See N.C. GEN. STAT. § 1-485. This Court's power to grant injunctions, even in cases involving state law claims, arises from federal

law, not North Carolina state law. See FED. R. CIV. P. 65.[1] Second, to obtain a preliminary injunction, Plaintiff must satisfy all four factors of the Winter test, as set forth above. Plaintiff does not even attempt to explain how his Motion satisfies the Winter test. It does appear to the Court that Plaintiff is likely to succeed on the merits of his breach of contract claim against Defendants. However, Plaintiff has not established why he would suffer irreparable harm without a preliminary injunction, as opposed to obtaining a judgment for money damages through the ordinary legal process. Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co., 22 F.3d 546, 551 (4th Cir. 1994) ("[I]rreparable injury is suffered when monetary damages are difficult to ascertain or are inadequate."). Indeed, essentially all of Plaintiff's claims in this matter are for money damages. Therefore, Plaintiff has not satisfied the Winter test and the Court cannot grant this relief.

Garnishment Order. Plaintiff asks the Court "[e]nter a Garnishment Order to enforce Plaintiff's rights to payment by ordering defendants to remit the sum $38,511.77 now due Plaintiff in accordance with the provision of the promissory notes and Defendant's [sic] explicit guaranties for payment." (Doc. No. 22-1 at 3). Federal Rule of Civil Procedure 64 governs garnishments and provides that "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment" and includes "garnishment" as one of the "remedies available under this rule." FED. R. CIV. P. 64. But Plaintiff has not cited any law, and the Court is not aware of any, that would permit the Court to order a garnishment as injunctive relief in a civil lawsuit, primarily concerning breach of contract.

---

[1] Congress originally conferred the power to order equitable remedies to the federal courts through the Judiciary Act of 1789. Judiciary Act of 1789, ch. 20, § 11, 1 Stat. 73, 78 (1789). See also Michael T. Morley, *The Federal Equity Power*, B. C. L. REV. 217, 232 (2018).

In general, garnishment is a legal mechanism allowing a party that has prevailed in a lawsuit to collect money owed to them as a result of a judgment from that lawsuit. While Plaintiff has established a likely of success on the merits of his breach of contract claim, Plaintiff has yet to prove his claims and obtain an order from this court reducing this to judgment. In the ordinary course of the legal process, Defendants still have the opportunity to argue that they are not, in fact, liable to Plaintiff before the Court issues an order authorizing Plaintiff to seize Defendants' property through a garnishment.

<u>Motion for Summary Judgment.</u> Plaintiff also asks this Court to "[e]nter Motion for Summary Judgement [sic] to enforce the 'call-in' provision of the promissory note executed on July 15, 2020; and enter an Order compelling Defendants to remit the entire principal balance of $107,666.53 … immediately due and payable to Plaintiff …" (Doc. 22-1 at 3). With this request, Plaintiff appears to be asking the Court to rule on a motion for summary judgment as part of this Motion for Preliminary Injunctive Relief. The Court declines to do so. A motion for summary judgment is not a type of preliminary injunctive relief but is, instead, a distinct type of motion in its own right asking the Court to rule on the merits of a claim prior to trial. <u>See</u> FED. R. CIV. P. 56. Summary judgment is only proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Plaintiff has not shown that there is no genuine dispute of material fact as to his claims. Moreover, Defendants have not had the opportunity to be heard on any motion for summary judgment in this matter. Therefore, the Court cannot grant this relief at this time.

"<u>Recover Judgement.</u>" Plaintiff asks this Court to "[g]rant further injunctive relief in the form of Recover Judgement [sic] in the sum of $200,000 in liquidated damages as remedy to

Case 1:21-cv-00245-MOC-WCM   Document 26   Filed 04/25/22   Page 7 of 8

Plaintiff pursuant to the shareholder agreement and the law." The Court is unaware what relief Plaintiff seeks in asking for a "Recover Judgement," and is not aware of any form of injunctive relief by that name. For the reasons explained above, the Court is not able to issue a judgment at this time because Plaintiff has yet to prove that he is entitled to a remedy from this Court.

Plaintiff appears to conflate <u>preliminary</u> relief, which is temporary relief available when a party can show the likelihood of irreparable harm absent such relief and can satisfy the other <u>Winter</u> factors, with the relief that a court can order as part of a judgment issued at the conclusion of a civil lawsuit (and mechanisms to enforce such a judgment like garnishment). Plaintiff is not entitled to ordinary remedies at this stage of the litigation, and he is not entitled to preliminary injunctive relief because he cannot satisfy the <u>Winter</u> test.

Finally, to the extent Plaintiff has requested a hearing on this motion, the request is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Preliminary Injunctive, Motion for Restraining Order, and Request for Hearing, (Doc. No. 22), is **DENIED**.

Signed: April 25, 2022

*[Signature]*

Max O. Cogburn Jr
United States District Judge