UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-245-MOC

| | |
|---|---|
| LAWRENCE E. GULLUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ENDEAVOR INFRASTRUCTURE HOLDINGS, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on Plaintiff's "Motion for Reconsideration and Clarification, Breach of Contract, Order for Monetary Judgment and Financial Remedy and Relief." (Doc. No. 29). The Court previously denied Plaintiff's Motion for Preliminary Injunction, Motion for Restraining Order, and Request for Hearing, (Doc. No. 22), by order dated April 25, 2022, (Doc. No. 26). The Court denied Plaintiff's motion primarily because Plaintiff failed to even attempt to satisfy the Winter test and because essentially all of the relief sought by Plaintiff can be cured by money damages, meaning that Plaintiff cannot show the likelihood of irreparable harm required for preliminary relief. (Id.). Plaintiff now asks the Court to reconsider this decision, and offers several "clarifications."

Because Plaintiff is proceeding pro se, the court will construe his pleadings liberally. Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the same time, however, the Court will not "assume the role of advocate for the pro se plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

As Defendants note, "[a] motion for reconsideration is not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request." Lynn v. Monarch Recovery Mgmt., Inc., 953 F. Supp. 2d 612. 620 (D. Md. 2013). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). The losing party in a particular matter will almost always be unhappy with the Court's disposition of such matter, and rarely will a losing party believe that its position lacked merit or that the Court correctly rejected its arguments. It would be wasteful of judicial resources for the Court to have to consider every decision multiple times. Therefore, parties should not seek reconsideration lightly, and the Court will not consider it without good reason. "[W]here litigants have battled for the Court's decision, they should not be required, nor without good reason permitted, to battle for it again." Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Cooper & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (internal refs omitted). In the Fourth Circuit, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial produc[ing] substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (internal refs omitted).

Plaintiff has failed to show any good reason why the Court should reconsider its original decision. As Defendants point out, Plaintiff cannot satisfy any of the factors discussed by the Fourth Circuit in Carlson.

Alternatively, Plaintiff's motion for reconsideration again fails to show that the Winter test is satisfied in this case. Plaintiff fails to effectively rebut the Court's ruling that his alleged

injuries can largely be cured by money damages and, thus, that he cannot show "irreparable harm." Therefore, Plaintiff's motion for reconsideration would be denied even if the Court reached the merits.

However, the Court reiterates its previous finding that Plaintiff appears to be likely to succeed on the merits. Based on the limited record before the Court, Defendants appear to have breached their contract with Plaintiff and are likely liable to him for money damages. However, the Court cannot grant relief to Plaintiff until the appropriate time in the legal process. Nor does the Court find that Plaintiff is, in fact, entitled to relief—the Court only finds that, on a limited record and without the benefit of discovery, further motions, and/or trial, Plaintiff appears to have a valid claim that is likely to succeed on the merits.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No. 29), is **DENIED**.

Signed: August 31, 2022

Max O. Cogburn Jr.
United States District Judge