IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:21-CV-245-MOC-DCK

| | |
|---|---|
| LAWRENCE E. GULLUM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ENDEAVOR INFRASTRUCTURE )<br>HOLDINGS, LLC, DANE JAMES, )<br>ANTHONY BUFFA, ENDEAVOR CAPITAL )<br>MANAGEMENT, )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the "Motion For Court Order To Compel Discovery Responses And Production Of Documents" (Document No. 57) filed by Plaintiff on May 2, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motion without prejudice.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. <u>See</u> <u>Herbert v. Lando</u>, 441 U.S. 153, 177 (1979); and <u>Hickman v. Taylor</u>, 329 U.S. 495, 507

(1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

## DISCUSSION

By the instant motion, *pro se* Plaintiff Lawrence E. Gullum ("Plaintiff" or "Gullum") seeks an order from the Court "[c]ompelling Defendants to provide complete information and produce the relevant documents requested in his discovery requests." (Document No. 57, p. 3). Plaintiff suggests that Defendants have provided "incomplete responses" to interrogatories and "have failed to provide one single discovery document." (Document No. 57, p. 2) (citing Document Nos. 57-2 and 57-3).

In response, Defendants first note that with the second set of discovery requests, Plaintiff "far exceeded the limits imposed by the Court in its Case Management Order." (Document No. 58, p. 2) (citing Document No. 57-3). Defendants also argue that Plaintiff failed to confer as required by Fed.R.Civ.P. 37(a)(1) and this Court's "…Case Management Plan" (Document No. 55, p. 4) before filing the instant motion to compel. (Document No. 58, pp. 3-4) (citing Miller v. Wal-Mart, 1:13-CV-046-MOC-DLH, 2014 WL 4545687 (W.D.N.C. Sept. 12, 2014)).

In addition, Defendants note that Plaintiff's Motion "is unclear at best as to what responses Plaintiff contends [are] deficient." (Document No. 58, p. 5). Defendants contend that they have "properly answered or objected to every interrogatory, request for production of documents, and request for admission." Id.

In reply, Plaintiff re-asserts that Defendants "have failed to provide a single evidentiary document and have refused to provide complete answers to Plaintiff's interrogatories and request for admissions." (Document No. 59, p. 1). Plaintiff contends that there are "relevant financial

documents" that Defendants should be required to produce that are necessary for Plaintiff "to prove his case at trial." (Document No. 59, p. 2).

The undersigned finds Defendants' arguments in favor of denying the instant motion to be persuasive. (Document No. 58). Moreover, *pro se* Plaintiff's briefing fails to adequately address Defendants' concerns. (Document Nos. 57 and 59). It appears to be undisputed that the parties failed to confer and that Plaintiff's discovery requests exceed the limits set in the "…Case Management Plan" (Document No. 55, pp. 2, 4).

However, Defendants are respectfully advised that a cursory review of their discovery responses suggests they are incomplete. See (Document No. 57-2 and 57-3). For example, it seems unlikely that Defendants' refusal to produce *any* documents in response to Plaintiff's requests is consistent with the Federal Rules of Civil Procedure. Nevertheless, the undersigned will respectfully decline to issue a ruling on discovery production at this time. Instead, the Court directs Plaintiff to confer with Defendants' counsel regarding the production of discovery that is relevant and proportional to the needs of this case, and within the limits allowed by the Case Management Plan.

The Court expects both sides to work together in good faith to promptly and efficiently exchange appropriate discovery. Failure to do so may result in sanctions. To the extent Defendants contend that some of the requested discovery is confidential, Defendant may file an appropriate motion for protective order to protect such confidential documents and/or responses and submit a proposed Protective Order via cyberclerk.

If necessary, Plaintiff may file a renewed motion to compel at a later date. Such motion must comply with Local Rule 7.1 and Fed.R.Civ.P. 37; and it should specifically describe any alleged deficiencies in Defendants' discovery responses.

The Court will *sua sponte* extend the discovery and dispositive motions deadlines to allow more time for the parties to complete discovery.

**IT IS, THEREFORE, ORDERED** that the "Motion For Court Order To Compel Discovery Responses And Production Of Documents" (Document No. 57) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the case deadlines are extended as follows: discovery completion – **July 14, 2023**; and dispositive motions – **July 28, 2023**.

The Clerk of Court is directed to send a copy of this Order to *pro se* Plaintiff by U.S. mail and to Plaintiff's email address.

**SO ORDERED**.

Signed: June 5, 2023

David C. Keesler
United States Magistrate Judge