# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CASE NO. 1:21-CV-245-MOC-DCK

| | |
|---|---|
| LAWRENCE E. GULLUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ENDEAVOR INFRASTRUCTURE ) | |
| HOLDINGS, LLC, DANE JAMES, ) | |
| ANTHONY BUFFA, and ) | |
| ENDEAVOR CAPITAL MANAGEMENT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "…Motion To Compel Discovery And Production Of Documents" (Document No. 68) filed August 15, 2023, and "Renewed Motion For Court Order To Compel Discovery Responses And Production Of Documents" (Document No. 71) filed September 5, 2023. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motions.

## BACKGROUND

*Pro se* Plaintiff Lawrence E. Gullum ("Plaintiff" or "Gullum") is a resident of Madison County, North Carolina, and the founder and former majority owner of MCC Development, Inc. ("MCC"). (Document No. 1, p. 1). Defendants include two individuals, Anthony Buffa ("Buffa") and Dane James ("James"), who purchased Plaintiff's 90% stake in MCC through their jointly owned partnership Endeavor Infrastructure Holdings, LLC ("EIH"), in or about December 2017.

Id.  Defendant Buffa is an Indiana resident, Defendant James is an Illinois Resident, and Defendant EIH is a Delaware limited liability company.  Id.

The Complaint notes that the "purchaser was Endeavor Infrastructure Holdings, LLC which is controlled by Buffa and James, who are in a 50/50 partnership."  Id.  Plaintiff alleges that Defendants breached the terms of their promissory note(s) agreement(s), that the parties disputed the matter and arrived at a "Settlement Agreement and Consent Agreement" during litigation in Madison County on or about July 6, 2020, but that Defendants then violated that Consent Agreement on or about June 10, 2021.  (Document No. 1, p. 2).

Plaintiff initiated this action with the filing of a "Complaint" (Document No. 1) on September 14, 2021.  The Complaint asserts causes of action for:  (1) unfair and deceptive trade practices / fraud in inducement;  (2) breach of contract;  and (3) injunction and garnishment. (Document No. 1, pp. 3-4).

Defendants Buffa and EIH filed a "… Motion To Dismiss For Lack Of Personal Jurisdiction" (Document No. 8) on October 8, 2021.  The Honorable Max O. Cogburn, Jr. found that Plaintiff had "met his burden of showing that this Court may assert personal jurisdiction over Defendants," and denied the motion to dismiss on January 27, 2022.  (Document No. 16).

On July 26, 2022, the Court denied Plaintiff's "Motion For Partial Summary Judgment" (Document No. 34) finding that it was premature.  See (Document No. 40).  Soon thereafter, a "Report Of Mediation" (Document No. 41) was filed indicating that the parties had reached an impasse.

The Court issued a "Pretrial Order And Case Management Plan" (Document No. 55) on October 28, 2022.  The "Pretrial Order…" included the following deadlines:  discovery completion

– May 12, 2023; dispositive motions – June 9, 2023; and trial October 16, 2023. (Document No. 55). The "Pretrial Order…" also provides that:

> a party shall, before filing a disputed motion for an order relating to discovery, request a conference with the Magistrate Judge. Only when that request is denied or an impasse is reached at the conference may the party file a disputed motion for an order relating to discovery.

(Document No. 55, p. 4).

Plaintiff filed a "Motion For Court Order To Compel Discovery…" (Document No. 57) on May 2, 2023. The undersigned denied Plaintiff's motion to compel, without prejudice, on June 6, 2023, and extended the discovery completion deadline to **July 14, 2023**, and the dispositive motions deadline to **July 28, 2023**. (Document No. 60). In denying Plaintiff's motion, the undersigned included the following observations and guidance.

> The undersigned finds Defendants' arguments in favor of denying the instant motion to be persuasive. (Document No. 58). Moreover, *pro se* Plaintiff's briefing fails to adequately address Defendants' concerns. (Document Nos. 57 and 59). It appears to be undisputed that the parties failed to confer and that Plaintiff's discovery requests exceed the limits set in the "…Case Management Plan" (Document No. 55, pp. 2, 4).
>
> However, Defendants are respectfully advised that a cursory review of their discovery responses suggests they are incomplete. See (Document No. 57-2 and 57-3). For example, it seems unlikely that Defendants' refusal to produce any documents in response to Plaintiff's requests is consistent with the Federal Rules of Civil Procedure. Nevertheless, the undersigned will respectfully decline to issue a ruling on discovery production at this time. Instead, the Court directs Plaintiff to confer with Defendants' counsel regarding the production of discovery that is relevant and proportional to the needs of this case, and within the limits allowed by the Case Management Plan.
>
> The Court expects both sides to work together in good faith to promptly and efficiently exchange appropriate discovery. Failure to do so may result in sanctions. To the extent Defendants contend that some of the requested discovery is confidential, Defendant[s] may

3

> file an appropriate motion for protective order to protect such confidential documents and/or responses and submit a proposed Protective Order via cyberclerk.
>
> If necessary, Plaintiff may file a renewed motion to compel at a later date. Such motion must comply with Local Rule 7.1 and Fed.R.Civ.P. 37; and it should specifically describe any alleged deficiencies in Defendants' discovery responses.

(Document No. 60, p. 3).

On July 12, 2023, the Court reset the trial date for October 2, 2023.[1]

The parties' cross motions for summary judgment were timely filed on July 27 and 28, 2023. See (Document Nos. 61 and 62). Those motions appear to be fully briefed and ripe for disposition by the presiding District Judge.

Plaintiff's pending "…Motion To Compel Discovery And Production Of Documents" (Document No. 68) was filed August 15, 2023. "Defendants . . . Response In Opposition…" (Document No. 69) was filed on August 29, 2023; and Plaintiff's "Response To Defendant's Opposition…" (Document No. 70) ("reply brief") was filed on September 5, 2023.

On the same day Plaintiff filed his reply brief in support of his "…Motion To Compel… (Document No. 68), Plaintiff also filed a "Renewed Motion For Court Order To Compel Discovery Responses And Production Of Documents" (Document No. 71) on September 5, 2023.

Although the "Renewed Motion…" has not been fully briefed, the undersigned finds that prompt review and disposition of both pending motions to compel is necessary since this matter is scheduled for trial on October 2, 2023.

---

[1] The Court's Notice was later clarified on September 6, 2023, to indicate that a bench trial would be held on October 2, 2023.

## DISCUSSION

By the pending motions, Plaintiff Gullum seeks an order from the Court "Compelling Defendants to respond to Plaintiff's Discovery Requests and the Production of Documents." (Document No. 68, p. 1). Plaintiff notes that he served discovery requests on November 19, 2022, and that Defendants responded on December 28, 2022. Id. Plaintiff also served a second set of discovery requests on or about March 20, 2023. Plaintiff contends that Defendants' responses to the discovery requests are "incomplete" and that Defendants "have failed to provide one single discovery document." Id.

Plaintiff suggests he has reached out to Defendants' counsel three (3) times to discuss the alleged discovery deficiencies, including most recently, on or about June 19, 2023. (Document No. 68, p. 2). The motion lists fifteen (15) categories of documents that Plaintiff contends were included in a "Third Request for the Production of Documents." Id.

In response, Defendants argue that Plaintiff's motion to compel should be denied. (Document No. 69).

First, Defendants contend that Plaintiff has failed to meet the certification requirement of Fed.R.Civ.P. 37. (Document No. 69, pp. 4-5). "Rule 37 of the Federal Rules of Civil Procedure requires that a party filing a motion to compel 'include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.'" (Document No. 69, p. 4) (quoting Fed.R.Civ.P. 37(a)(1)). Defendants contend the Rule 37 requirement is "separate and distinct" from this Court's Local Rule 7.1(b) requirement of consultation. (Document No. 69, pp. 4-5) (citing Miller v. Wal-Mart, 1:13-CV-046-MOC-DLH, 2014 WL 4545687, at *1 (W.D.N.C. Sept. 12, 2014)).

Next, Defendants point out that Plaintiff filed the pending motion[s] without complying with the requirements of the "Pretrial Order…," including requesting a conference with the undersigned Magistrate Judge. (Document No. 69, p. 5); see also (Document No. 55, pp. 4-6).

Finally, Defendants argue that the motion to compel is "unclear at best as to what responses Plaintiff contends [are] deficient." (Document No. 69, p. 6). Defendants assert that they properly answered or objected to every discovery request Plaintiff's "First and Second Discovery." Id. Defendants further assert that "Plaintiff's Third Discovery" requests "were far in excess of the allowable discovery under the Case Management Order, and were served less than thirty days prior to the close of discovery." Id.

In reply, Plaintiff mostly re-asserts his prior arguments that discovery has been deficient and argues the merits of his case. (Document No. 70). The reply, as well as the "Renewed Motion For Court Order…" (Document No. 71), purport to now satisfy the Rule 37 requirement of certification.

The reply also again lists fifteen (15) categories of documents that Plaintiff is still seeking. (Document No. 70, pp. 3-4). The brief does not, however, describe when these Requests for Production were served, or provide any citation to the record. Id. Defendants have suggested these requests were first served less than a month before the revised discovery deadline of July 14, 2023. (Document No. 69, p. 6, Document No. 69-1).

The undersigned finds Defendants' arguments against the motion to compel to be similar to the ones made before, and to be persuasive. See (Document No. 60, p. 3). Although it appears that the parties held a telephone conference on or about June 14, 2023, Plaintiff did not seek a conference with the Court and waited approximately two (2) months – until after the discovery

6

Case 1:21-cv-00245-MOC-DCK   Document 73   Filed 09/18/23   Page 6 of 7

and dispositive motions deadlines – to file the pending motion(s) to compel. See (Document No. 69-1).

The undersigned remains skeptical that the parties were unable to confer and reach an agreement on some document production. However, Plaintiff's untimely motion(s) and on-going failures to abide by the Federal Rules, the Rules of this Court, and this Court's Orders, make it difficult for the Court to assess whether discovery has been properly exchanged and/or whether there is any appropriate relief to be granted. Based on the briefing before the Court, it does not appear that Defendants should be compelled to provide additional discovery responses.

The parties are respectfully advised to prepare for a bench trial of this matter on October 2, 2023, unless otherwise ordered by the Court. See (Document No. 55, pp. 6-10).

**IT IS, THEREFORE, ORDERED** that *pro se* Plaintiff's "…Motion To Compel Discovery And Production Of Documents" (Document No. 68) is **DENIED**.

**IT IS FURTHER ORDERED** that *pro se* Plaintiff's "Renewed Motion For Court Order To Compel Discovery Responses And Production Of Documents" (Document No. 71) is **DENIED**.

The Clerk of Court is directed to send a copy of this Order to *pro se* Plaintiff by U.S. mail and to Plaintiff's email address.

**SO ORDERED**.

Signed: September 18, 2023

David C. Keesler
United States Magistrate Judge