UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:21-cv-245-MOC-DCK

| | |
|---|---|
| **LAWRENCE E. GULLUM**, | ) |
| Plaintiff, pro se, | ) |
| vs. | ) **ORDER** |
| **ENDEAVOR INFRASTRUCTURE HOLDINGS, LLC, et al.**, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on cross motions for summary judgment. (Doc. Nos. 61, 62). For the following reasons, Plaintiff's summary judgment motion will be **DENIED**, and Defendants' summary judgment motion will be **GRANTED** in part and **DENIED** in part.

### I. FACTUAL BACKGROUND

Plaintiff Gullum is the founder of MCC Development, Inc. ("MCC"), a North Carolina corporation. (Doc. No. 67 ¶ 2). In December 2017, Defendant Endeavor Infrastructure Holdings, LLC ("EIH") purchased 90% of Plaintiff's stock in MCC. (Doc. No. 61 at 3; Doc. No. 63 at 2). In exchange for the shares, EIH paid Gullum a $360,000.00 cash down payment and executed two promissory notes (the "EIH notes") for the remaining balance of the purchase price. (Doc. No. 63 at 2). Defendants Buffa and James personally guaranteed both notes. (Doc. No. 61 at 4; Doc. No. 63 at 2).

Pursuant to the acquisition, the parties also executed a shareholder agreement ("SHA") and share purchase agreement ("SPA"). (Doc. No. 61 at 4). Section six of the SHA contains a liquidated damages provision of $100,000 bearing interest at 8% annually. (Id. at 5–6).

-1-

Following MCC's acquisition by EIH, Gullum retained a 9% interest in MCC in addition to his employment as president of the company. (Doc. No. 63 at 2).

In 2019, MCC terminated Plaintiff. (Doc. No. 63 at 3). Thereafter, Gullum and MCC filed competing suits in North Carolina state court. (Id.). In 2020, MCC, Plaintiff Gullum and Defendants James, Buffa, and EIH entered into a Settlement Agreement to resolve the state court litigation. (Doc. No. 1-12). Pursuant to the Settlement Agreement, Gullum released and forever discharged MCC, James, Buffa, and EIH from any claims arising out of the SHA and SPA, except for continuing violations of the EIH notes and guarantees. (Doc. No. 1-12; Doc. No. 63 at 3). Under the Settlement Agreement, MCC (a non-party to this action) redeemed Plaintiff's remaining 9% stock interest in MCC in consideration for a promissory note (the "MCC note"). (Doc. No. 63 at 4). MCC executed the MCC note. (Id.). Neither James, Buffa, nor EIH were party to or guaranteed the MCC note. (Id.).

Defendants James, Buffa, and EIH continued paying on the EIH notes after executing the Settlement Agreement. (Id.). But in June 2021, Defendants stopped making regular payments on the EIH notes (Doc. No. 61 at 7), apparently "due to business interruptions brought on by the COVID-19 pandemic." (Doc. No. 63 at 4).

## II. PROCEDURAL BACKGROUND

Gullum initiated this action against Defendants James, Buffa, EIH, and Endeavor Capital Management ("ECM") in September 2021. (Doc. No. 1). Plaintiff successfully served all Defendants but ECM. In 2022, this Court entered multiple show cause orders regarding Plaintiff's failure to serve ECM. (Doc. Nos. 28, 45). To date, service remains defective.

Defendants James, Buffa, and EIH unsuccessfully moved to dismiss Gullum's complaint for lack of jurisdiction. (Doc. Nos. 5, 8, 16). In early 2022, Gullum filed a motion to amend his original complaint and add several parties, including MCC. (Doc. No. 18). This Court denied Gullum's motion to amend. (Doc. No. 23).

On July 27, 2023, Gullum filed his motion for summary judgment. (Doc. No. 61). Defendants James, Buffa, and EIH responded in opposition. (Doc. No. 65). Gullum filed a declaration replying to Defendants' response. (Doc. No. 67).

On July 28, 2023, Defendants James, Buffa, and EIH filed their own summary judgment motion. (Doc. No. 62). Gullum filed a response in opposition. (Doc. No. 66). This court held a hearing on the parties' cross motions for summary judgment on October 17, 2023.

### III. LEGAL STANDARD

Motions for summary judgment are assessed against the standard articulated by FED. R. CIV. P. 56. Summary judgment motions are granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" only if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The movant for summary judgment bears the burden of persuasion. That burden requires the movant to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). With respect to issues on which the non-movant bears the burden of

proof, however, the movant may discharge the burden of persuasion by showing "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

If the movant meets their burden, then it shifts to the non-movant. After the burden shifts, the non-movant "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. To meet their burden, the non-movant must adduce sufficient evidence that "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995). Naked allegations or denials are insufficient. Celotex, 477 U.S. 317, 324.

When considering a motion for summary judgment, the Court views the evidence and any inferences therefrom in the light most favorable to the non-movant. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

### IV. DISCUSSION

Except for the amounts allegedly owed under the respective notes, there are few disputed material facts. See (Doc. No. 66 at 1–2). The key question for both parties' summary judgment motions is whether the movant can show that they are entitled to judgment as a matter of law.

#### a. Plaintiff's Summary Judgment Motion

Plaintiff claims to state three causes of action. (Doc. No. 1). In fact, Plaintiff's pro se complaint is better understood to state two causes of action and a request for injunctive relief. First, Gullum alleges that Defendants' failure to disclose certain information relevant to Defendants Buffa's and James' ability to repay the EIH note violated the North Carolina Unfair

-4-

and Deceptive Trade Practices Act (UDTPA). (Doc. No. 1 ¶¶ 29–30); N.C. GEN. STAT. § 75-1.1. Second, Gullum claims that Defendants' failure to timely repay the EIH note constitutes a breach of the SHA, entitling him to recover liquidated damages under section six of that agreement. (Doc. No. 1 ¶¶ 32–35). Gullum further argues that he is entitled to injunctive relief to enforce Defendants' compliance with the SPA.

Plaintiff's motion for summary judgment does not touch on his UDTPA claim or request for injunctive relief. Instead, Gullum focuses on his breach of contract claim. Thus, Gullum's pro se summary judgment motion is better styled as a motion for partial summary judgment. Even construing Gullum's summary judgment motion broadly, however, Plaintiff is not entitled to summary judgment on any of his claims for relief. Consequently, Plaintiff's summary judgment motion will be denied.

Plaintiff cannot show that he is entitled to judgment on any of his claims as a matter of law. That is because both his UDTPA and breach of contract claims pertain to the SHA and SPA. By executing the Settlement Agreement, Gullum released and forever discharged Defendants James, Buffa, and EIH from all claims arising out of the SHA and SPA. (Doc. No. 1-12 ¶ 5). Plaintiff executed the Settlement Agreement's release provision in exchange for valuable consideration: namely, a release of all claims against him by MCC and the Defendants to this action, as well as the MCC note. "When a release is executed in exchange for valuable consideration, the release provides a complete defense to an action for damages." VF Jeanswear Ltd. P'ship v. Molina, 320 F. Supp. 2d 412, 419 (M.D.N.C. 2004) (citing Talton v. Mac Tools, Inc., 118 N.C. App. 87, 90 (1995)).

True, paragraph three of the Settlement Agreement reaffirms that James, Buffa, and EIH remain obligated under the EIH notes. (Doc. No. 1-12 ¶ 3). And the Settlement Agreement explicitly excepts "continuing violations of those obligations reaffirmed [t]herein" from the scope of the release. (Doc. No. 1-12 ¶ 5). But even without drawing inferences in favor of Defendant non-movant, the language of the release clearly discharges Defendants from any claims arising under the SHA or SPA. Both of Plaintiff's claims—Defendants' purported breach of the SHA and fraudulent or UPDTA-violative inducement of Gullum to sign the SHA and SPA—are clearly foreclosed under the settlement agreement. Gullum remains entitled to recover the value of the EIH note, but he cannot use remedies under the SHA or SPA to do so.

To the extent that Plaintiff seeks to recover payments due under the MCC note from Defendants to this action, he is also not entitled to judgment as a matter of law. That is because none of the defendants to this action were party to or guaranteed the MCC note. (Doc. No. 63 at 4). Only MCC executed the MCC note, and MCC is not a party to this action.

For the foregoing reasons, Plaintiff's summary judgment motion will be denied.

### b. Defendants' Summary Judgment Motion

Defendants argue that they are entitled to judgment as a matter of law on each of Plaintiff's claims. Like Defendant's motion, the Court addresses each of Plaintiff's claims in turn.

#### i. Plaintiff's Deceptive Trade Practice and Fraud Claims

Gullum alleges that Defendants' failure to disclose certain information relevant to Buffa's and James' ability to repay the EIH note violated the North Carolina UDTPA. (Doc. No. 1 ¶¶ 29–30); N.C. Gen. Stat. § 75-1.1. Plaintiff further contends that Defendants fraudulently

-6-

Case 1:21-cv-00245-MOC-DCK   Document 80   Filed 11/21/23   Page 6 of 11

concealed these material facts "with the intent to deceive and induce Plaintiff" to accept the EIH note in partial consideration for his 90% stake in MCC. (Doc. No. 1 ¶ 31). But Defendant notes that these claims pertain to Defendants James and Buffa's alleged conduct in 2017 and 2018, when EIH initially purchased 90% of MCC's stock from Gullum. (Doc. No. 63 at 6). Plaintiff expressly waived and released these claims for valid consideration, as documented by the Settlement Agreement.

Defendants are entitled to judgment as a matter of law that Plaintiff released any UDTPA and fraud claims related to pre-settlement conduct. Even assuming Defendants violated the UDTPA and fraudulently induced Plaintiff to execute the SPA and SHA, Defendants are entitled to judgment against these claims as a matter of law. "A release is an agreement to relinquish a claim or right to the person against whom the claim exists or the right is to be enforced or exercised." VF Jeanswear, 320 F. Supp. 2d at 418. "When a release is executed in exchange for valuable consideration, the release provides a complete defense to an action for damages." Id. at 419 (citing Talton, 118 N.C. App. at 90). By executing the settlement agreement for valuable consideration, Plaintiff provided Defendants with an absolute defense to this action for damages under the SHA and SPA. See Simmons v. Accordius Health, LLC, No. 1:20-CV-337-MOC-DCK, 2021 WL 706765, at *3 (W.D.N.C. Feb. 23, 2021) (quoting Jenkins v. Fields, 83 S.E.2d 908, 910 (N.C. 1954); Cunningham v. Brown, 276 S.E.2d 718, 723 (N.C. Ct. App. 1981); Hardin v. KCS Int'l, Inc., 682 S.E.2d 726, 735 (N.C. Ct. App. 2009)).

Because Plaintiff's first cause of action pertains to conduct that predates the execution of the Settlement Agreement, Defendants are entitled to judgment against Plaintiff's UDTPA and

fraud claims as a matter of law. Defendants' summary judgment motion will be granted as to Plaintiff's first cause of action (i.e., Plaintiff's UDTPA and fraud claims).

### ii. Plaintiff's Breach of Contract Claims

Gullum's second cause of action states breach of contract claims against Defendants James, Buffa, and EIH. In fact, Plaintiff states three discrete claims for breach: (1) Defendants' failure to satisfy their obligations under the MCC note; (2) Defendants' failure to satisfy their obligations under the EIH note; and (3) Plaintiff's entitlement to liquidated damages. Plaintiff also seeks to recover attorney's fees. (Doc. No. 1 ¶ 35).

Defendants are entitled to judgment against Plaintiff's first breach claim as a matter of law. That is because none of the Defendants in this action were parties to the MCC note. With respect to the MCC note, there is no contract between the parties that Defendant could have breached. Supplee v. Miller-Motte Bus. Coll., Inc., 768 S.E.2d 582, 590 (N.C. Ct. App. 2015). Because no contract related to the MCC note exists between Plaintiff and Defendants James, Buffa, and EIH, Defendants are entitled to judgment against Plaintiff's MCC breach claim as a matter of law.

Next, Plaintiff appears to state a claim against Defendants for breach of contract related to the EIH notes. (Doc. No. 63 at 11). Defendants move for summary judgment against this claim on the basis that "Plaintiff has not established what amount, if any, is due and owing under the notes." (Id.). Defendants maintain that one of the EIH notes has been paid in full, and that the balance on the second note "if any, is minimal." (Id.). But viewing facts and drawing inferences in the light most favorable to the Plaintiff, the Court concludes that there is a genuine dispute as

-8-

to the material fact of the amount Plaintiff is owed under the EIH note. Consequently, Defendant's summary judgment motion as to Plaintiff's EIH note claim will be denied.

Third, Plaintiff claims he is entitled to recover $200,000.000 in liquidated damages under section six of the SHA for Defendants' breach thereof. (Doc. No. 1 ¶¶ 32–35). But Plaintiff clearly waived any claims arising under the SHA—including for liquidated damages—when he signed the Settlement Agreement. Defendants are entitled to judgment as a matter of law against Plaintiff's liquidated damages claim for the same reason they are entitled to judgment as a matter of law against Plaintiff's UDTPA and fraud claims.

To clarify: the Court finds that Defendants are entitled to summary judgment against Plaintiff's UDTPA, fraud, and liquidated damages claims <u>only</u> because Plaintiff unambiguously released these claims when he signed the Settlement Agreement. This finding <u>does not</u> alter Defendants' obligations to Plaintiff under the EIH notes and EIH Guarantees. The Settlement Agreement explicitly carves out "continuing violations of those obligations reaffirmed herein" from the release provision. (<u>Id</u>. ¶ 5). Paragraph three of the Settlement Agreement, helpfully entitled "Reaffirmation of EIH Notes," stipulates "EIH, Buffa, and James hereby acknowledge and reaffirm their obligations under the EIH Notes and EIH Guarantees and the obligation to continue making the remaining payments thereunder according to the terms thereof." (Doc. No. 1-12 ¶ 3). Because the EIH notes and guarantees are reaffirmed in the Settlement Agreement, that Agreement's release provision does not prevent Gullum from enforcing his entitlements with respect to the EIH notes and guarantees. Gullum simply cannot do so under the SHA or SPA.

Finally, Defendant is entitled to judgment as a matter of law that Plaintiff cannot recover attorney's fees. Plaintiff argues that he is entitled to attorney's fees "per the contract and NC

law." (Doc. No. 1 ¶ 35). Plaintiff waived any contractual right to attorney's fees under the SHA or SPA when he executed the Settlement Agreement. As for North Carolina law, Defendant points out that the relevant statute requires attorney's fees to be collected <u>by an attorney</u>. (Doc. No. 63 at 10); N.C. GEN. STAT. § 6-21.2. Plaintiff, however, is proceeding <u>pro se</u>. Consequently, Defendant is entitled to judgment as a matter of law against Plaintiff's request for attorney's fees.

### iii. Plaintiff's Request for Garnishment and Injunctive Relief

Gullum's third "cause of action" is a request for injunctive relief "to enforce compliance with the Share Purchase Agreement and personal guarantees." (Doc. No. 1 ¶ 38). Defendant correctly notes that injunctive relief and garnishment are not causes of action, but instead equitable remedies. (Doc. No. 63 at 11). This Court has already found, twice, that Plaintiff is not entitled to equitable relief. (Doc. Nos. 26, 43). For the reasons articulated in the Court's Order Denying Plaintiff's Motion for a Preliminary Injunction and Restraining Order, Plaintiff's requests for injunctive relief must fail. (Doc. No. 26).

Following entry of this Order, Plaintiff will be left with a single claim: breach of contract with respect to the EIH notes and guarantees. Defendant correctly notes that Plaintiff has a legal remedy for this claim—a money judgment. (Doc. No. 63 at 11–12 (citing <u>Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.</u>, 22 F.3d 546, 551 (4th Cir. 1994)).

## V. ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Summary Judgment and Motion for Default Judgment (Doc. No. 61) is **DENIED**, and Defendants' motion for Summary Judgment (Doc. No. 63) is **GRANTED** in part and **DENIED** in part. Specifically, Defendants' motion is **GRANTED** with respect to Plaintiff's UDTPA, fraud, and liquidated damages claims,

Plaintiff's request for attorney's fees, and Plaintiff's claim for breach of the MCC note. Defendant's motion is **DENIED** with respect to Plaintiff's claim for breach of contract related to the EIH note and guarantees.

    **SO ORDERED**.

Signed: November 20, 2023

Max O. Cogburn Jr
United States District Judge