UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:21-cv-245-MOC-DCK

| | | |
|---|---|---|
| **LAWRENCE E. GULLUM**, | ) | |
| | ) | |
| Plaintiff, pro se, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **ENDEAVOR INFRASTRUCTURE HOLDINGS, LLC, et al.**, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Defendants' motion to dismiss for lack of subject matter jurisdiction. (Doc. Nos. 82, 89). Plaintiff opposes Defendants' motion. (Doc. No. 87). The Court, finding that it lacks subject matter jurisdiction over Plaintiff's remaining claim, will grant Defendants' motion.

I. Background[1]

Plaintiff Gullum founded MCC Development, Inc ("MCC"), a North Carolina corporation. Defendant Endeavor Infrastructure Holdings, LLC ("EIH") purchased 90% of Plaintiff's MCC stock in December 2017. In exchange for the MCC shares, EIH paid Gullum $360,000.00 in cash and executed two promissory notes ("EIH notes") for the outstanding balance of the purchase price. Defendants Buffa and James personally guaranteed the EIH notes.

Defendants' acquisition of MCC was memorialized in a shareholder agreement and a share purchase agreement. Section six of the shareholder agreement contained a liquidated damages provision. Following the acquisition, Gullum retained a 9% interest in MCC and

---

[1] A more fulsome explication of the facts to this point, including record citations, can be found in the Court's Order on the parties' cross motions for summary judgment. (Doc. No. 80).

1

Case 1:21-cv-00245-MOC-DCK   Document 93   Filed 01/18/24   Page 1 of 6

maintained his position as MCC's president.

MCC terminated Plaintiff in 2019. North Carolina state court litigation between Gullum and MCC followed. In 2020, Gullum, MCC, and Defendants James, Buffa, and EIH executed a Settlement Agreement resolving the state court litigation. Under the Settlement Agreement, Gullum released and forever discharged MCC, James, Buffa, and EIH from any claims arising from the shareholder and share purchase agreements, <u>except</u> for continuing violations of the EIH notes and guarantees. Also under the Settlement Agreement, MCC (a non-party to this action) redeemed Plaintiff Gullum's remaining 9% interest in MCC in exchange for an additional promissory note ("MCC note"). That promissory note was executed by MCC. Neither James, nor Buffa, nor EIH (i.e., none of the defendants in this matter) guaranteed the MCC note.

In June 2021, Defendants James, Buffa, and EIH stopped making regular payments on the EIH notes. Gullum sued, stating three causes of action sounding in North Carolina state law and contract. Defendants moved, unsuccessfully, to dismiss Plaintiff's complaint. Plaintiff and Defendants then filed cross motions for summary judgment.

This Court denied Plaintiff's summary judgment motion and partially granted Defendants' motion. Specifically, the Court granted summary judgment for Defendants on claims that Plaintiff had expressly released in the 2020 Settlement Agreement. <u>See</u> (Doc. No. 80 at 7 (quoting <u>VF Jeanswear Ltd. P'ship v. Molina</u>, 320 F. Supp. 2d 412, 419 (M.D.N.C. 2004))). Following the Court's summary judgment order, Plaintiff was left with a single claim for breach of contract as to the EIH notes and guarantees.

Defendants now argue that Plaintiff's remaining claim must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Doc. No. 82).

II.      Standard of Review

The jurisdiction of federal courts is strictly circumscribed by the Article III of the Constitution and related enabling legislation. Exxon Mobil Corp. v. Allopattah Servs., Inc., 545 U.S. 546, 552 (2005); Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 432 (4th Cir. 2014). Our Constitution enumerates nine heads of federal jurisdiction, permitting federal courts to decide cases arising under (1) federal or (2) admiralty law; (3) affecting ambassadors; (4) to which the United States is a party; between (5) two or more states, (6) a state and citizens of another state, (7) citizens of different states, (8) citizens of the same state claiming land in a different state; and (9) a state or citizens thereof and foreign states or citizens thereof. U.S. CONST. art. III, § 2.

The nine heads enumerated at Article III articulate the Constitutional maximum of federal jurisdiction. With the narrow exception of the Supreme Court's original jurisdiction, Congress has plenary authority to divest federal courts of the power to hear cases under any of the nine heads.[2] In practice, Congress rarely exercises its Constitutional authority to strip federal jurisdiction.[3] But Article III is not self-executing. Without enabling legislation, lower federal courts are powerless to hear even cases arising under the nine heads.

Only one of the nine heads of federal jurisdiction is relevant here: suits between citizens of different states, colloquially known as "diversity jurisdiction." Congress' enabling legislation permitting federal courts to hear diversity cases is codified at 28 U.S.C. § 1332. Under that

---

[2] See Daniel J. Meltzer, *The History and Structure of Article III*, 138 U. PENN. L. REV. 1569 (1990).

[3] But see Webster v. Doe, 486 U.S. 592 (1988) (holding that 50 U.S.C. § 403(c) stripped federal courts' jurisdiction to review CIA director's personnel decisions under the Administrative Procedure Act); Lauf et al. v. E.G. Shinner & Co., Inc., 303 U.S. 323, 330 (1938) ("There can be no question of the power of Congress thus to define and limit the jurisdiction of the inferior courts of the United States."); see also Sheldon v. Sill, 49 U.S. (8 How.) 441 (1850); Ex parte McCardle, 74 U.S. (7 Wall.) 506 (1869); Ex parte Yerger, 75 U.S. (8 Wall.) 85 (1869); Lockerty v. Phillips, 319 U.S. 182 (1943); Yakus v. United States, 321 U.S. 414 (1944).

statute, federal courts have diversity jurisdiction where a lawsuit arises between citizens of different states <u>and</u> the amount in controversy is greater than $75,000.00. Section 1332's amount in controversy requirement, like its complete diversity requirement, is not Constitutional but legislative. <u>See</u> <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806). All the same, "federal courts may exercise only that jurisdiction which Congress has prescribed." <u>Chris v. Tenet</u>, 221 F.3d 648, 655 (4th Cir. 2000) (citing <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994)).

If a federal court at any time lacks subject matter jurisdiction, it must dismiss the action. FED. R. CIV. P. 12(h)(3); <u>Arbaugh v. Y&H Corp</u>., 546 U.S. 500, 506 (2006). In a diversity case like this one, the Court must dismiss if the requirements of Section 1332 are not met. The party invoking the Court's jurisdiction—here, Mr. Gullum—has the burden to allege facts showing that the Court's jurisdiction is proper. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560–61 (1992); <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982).

III. Discussion

Defendants' 12(b)(1) motion asks the Court to consider whether Plaintiff "has a right to be in the district court." <u>Holloway v. Pagan River Dockside Seafood, Inc.</u>, 669 F.3d 448, 452 (4th Cir. 2012). He does not.

Plaintiff, the party invoking this Court's diversity jurisdiction, bears the burden to show that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Mr. Gullum cannot meet his burden. Following the Court's partial grant of Defendants' summary judgment motion, Plaintiff was left with one claim: breach of contract with respect to the EIH notes and guarantees. Plaintiff's opposition to Defendants' motion to dismiss admits that the EIH notes, on which his only viable claim is based, "have a current amount in default of $69,961." (Doc. No. 87 at 2).

4

Plaintiff's admission that his only claim fails to satisfy Section 1332's amount in controversy requirement resolves this case. Lacking subject matter jurisdiction, the Court must dismiss.

Plaintiff argues that the value of the EIH notes should be adjusted upwards to reflect inflation. (Doc. No. 87 at 3). Defendants counter that the current balance already includes default interest, which accounts for inflation. (Doc. No. 89 at 3). Even absent Defendants' rebuttal, Plaintiff's last-ditch argument must fail. This Court has no legal or factual basis to increase the value of the EIH notes.

Having disposed of the rest of Mr. Gullum's claims on summary judgment, it now "appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." Wiggins v. North Am. Equitable Life Assur. Co., 644 F.2d 1014, 1017–18 (4th Cir. 1981).[4] Thus, the case must be dismissed for lack of subject matter jurisdiction.

IV. Conclusion

For the foregoing reasons, the Court lacks jurisdiction and must dismiss Mr. Gullum's complaint. To the extent that this Court has supplemental jurisdiction over Plaintiff's breach of contract claim with respect to the EIH notes, it exercises its discretion to dismiss that claim. See 28 U.S.C. § 1367; Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995).[5] Plaintiff may proceed

---

[4] See also Foy v. State Farm Mut. Ins. Co., 3:20-CV00261-RJC-DCK (W.D.N.C. Jan. 14, 2022); Jenkins v. Allied Interstate, Inc., 5:08-CV-125-DCK (W.D.N.C. Sept. 25, 2009).

[5] Supplemental jurisdiction under Section 1367 permits the Court to adjudicate claims that do not meet the amount in controversy requirement but "form part of the same case or controversy" as claims that are within the Court's original jurisdiction. "Supplemental jurisdiction thus allows parties to append state law claims over which federal courts would otherwise lack jurisdiction, so long as they form part of the same case or controversy as the federal claims." Shanaghan, 58 F.3d at 109 (citing United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966)). True, Mr. Gullum's contract claim on the EIH notes arises from the same controversy as his Unfair and Deceptive Trade Practices Act ("UDTPA") claim and his contract claim on the MCC note. And together, those claims exceeded the amount in controversy requirement. But Mr. Gullum's UDTPA and MCC claims were already barred by the 2020 Settlement Agreement. See (Doc. No.

5

with his contract claim in state court, presuming he files before the statute of limitations runs in June 2024. The Court respectfully suggests that the aid of counsel would benefit Plaintiff in potential state court proceedings.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendants' motion to dismiss (Doc. No. 82) is **GRANTED** and this matter is dismissed without prejudice;

(2) Defendants' motion to strike (Doc. No. 78) and Motion for Permissive Enjoinder of the Parties' Breach of Contract Claim for Monetary Judgment (Doc. No. 88) are terminated as **MOOT**;

(3) The Clerk is **DIRECTED** to terminate this action.

Max O. Cogburn Jr
United States District Judge

---

80 at 7 (quoting VF Jeanswear Ltd. P'ship, 320 F. Supp. 2d at 419)). This Court's exercise of supplemental jurisdiction over Mr. Gullum's EIH claim would be an abuse of discretion because it would encourage future litigants to pad the amount in controversy with spurious claims to shoehorn cases into federal court. Considerations of federal policy, comity, and judicial economy justify the Court's discretionary dismissal of Plaintiff's remaining claim. See Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Signed: January 17, 2024